**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ERIC C. RAJALA,
Trustee in Bankruptcy for the Estate of
Generation Resources Holding Company,
LLC

*Plaintiff,*

vs.

ROBERT H. GARDNER, et al.

*Defendants.*

Case No. 11-2524-EFM

**ORDER**

Before the Court is the Trustee's Motion for Leave to File a Response to Lookout Windpower Holding Company, LLC's Motion to Determine that Judgment Funds are Not Estate Property and for Distribution of Such Funds from Bankruptcy Court Registry (Doc. 16). Lookout Windpower opposes the Trustee's motion.

The Trustee requests the Court to allow him to file out of time because he asserts that he believed that Lookout Windpower's motion for distribution was a dispositive motion and he therefore had 21 days to respond to the motion. He also contends that no party will be prejudiced by the filing. Although the Trustee spends much of his motion arguing that it was reasonable to consider Lookout Windpower's motion a dispositive one, and that the 20 business days it took him to prepare a response was reasonable, the Court notes that an identical motion by Lookout

Windpower was filed in Case No. 09-2482 on August 25, 2011.[1] Instead of filing a response, the Trustee filed a motion seeking to strike the motion from the docket,[2] in part asserting that Defendant Lookout Windpower should file its motion in the correct case of 11-2524. Lookout Windpower did just that and filed its motion on September 22, 2011. Yet, the Trustee failed to timely respond and is now seeking the Court's leave to file his response out of time. The Trustee's assertions are puzzling as the Trustee has been fully aware of Lookout Windpower's arguments for approximately two months, rather than the 20 business days Trustee asserts.[3]

But since the Trustee was only slightly out of time, and it is the Court's general practice to be forgiving of initial near-misses of deadlines, the Court is inclined to grant the motion. The Court would caution, however, that the motion for distribution to which the Trustee seeks to belatedly respond, may cease to be relevant. The Court will soon separately consider consolidation of the two cases, as well as motion in the companion case for leave to amend the complaint, and may in light of such consideration order rebriefing of all outstanding issues on a consolidated basis.

---

[1]Doc. 158 in Case No. 09-2482. A motion to consolidate the two cases is pending.

[2]Doc. 166 in Case No. 09-2482.

[3]In this case, Freestream (another Defendant) filed a motion, similar to Lookout Windpower's, on August 12, 2011 seeking a distribution of the funds (Doc. 4). The Trustee timely filed a motion for an extension of time to respond to that motion (within the 14 day time limit) and then filed his response on September 16, 2011.

**IT IS ACCORDINGLY ORDERED** that (Doc. 16) is **GRANTED**. The Trustee is directed to file his response within 10 days of this Order.

**IT IS SO ORDERED**.

Dated this 4th day of November, 2011.

Eric F. Melgren

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE