**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ERIC C. RAJALA,  )<br>**Bankruptcy Trustee for the Estate of** )<br>**Generation Resources Holding Company,** )<br>**LLC,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )    **Case No. 09-2482-EFM**<br>)<br>**ROBERT H. GARDNER, et al.,** )<br>)<br>**Defendants,** )<br>)<br>_____)<br>)<br>**ERIC C. RAJALA,** )<br>)<br>**Plaintiff,** )    **Case No. 11-2524-EFM**<br>)    **(Bankruptcy Case No. 08-20957)¹**<br>v. )<br>)<br>**ROBERT H. GARDNER, et al.,** )<br>)<br>**Defendants.** )<br>_____) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the Trustee's motion to file an "amended

---

¹ The "reference" of an issue in Bankruptcy Case No. 08-20957 has been "withdrawn" and docketed by the clerk of the district court as Case No. 11-2524. The "withdrawn issue," described in greater detail below, has its genesis in the same factual allegations as those set forth in Case No. 09-2482.

consolidated" complaint.[2] For the reasons set forth below, the Trustee's motion shall be **DENIED.**

## Background

This lawsuit seeks to recover funds for the benefit of Generation Resource Holding Company, LLC's (GRHC) Chapter 7 bankruptcy estate.[3] The case involves 21 parties and is complicated by proceedings before the United States District Court for the Western District of Pennsylvania (Case No. 3:09-104) and the United States Bankruptcy Court for the District of Kansas (Case No. 08-20957).[4] The following is a highly summarized explanation of the allegations, parties, and related court proceedings.

Formed in 2002 for the purpose of pursuing wind-generated energy development opportunities, GRHC filed a voluntary Chapter 7 bankruptcy petition in April 2008 and Mr. Rajala was appointed trustee (the Trustee). The Trustee concluded that the individuals who formed GRHC (the "Insiders") had manipulated and transferred assets to various LLCs for

---

[2] Case No. 09-2482-EFM and Case No. 11-2524 have not been formally consolidated at this time and the Trustee filed an identical motion to amend in both cases. For editorial clarity, the court will refer to the two motions and two cases as one motion to amend and one case.

[3] The disputed funds were derived from windpower development projects in Pennsylvania.

[4] The Trustee's second amended complaint devotes 10 pages of explanation to describe the various individuals and business entities. The court's highly abbreviated summary is an attempt to organize the parties by their respective interests in the lawsuit.

their own economic benefit while leaving GRHC insolvent.[5] Rather than filing an adversary proceeding in the bankruptcy court, the Trustee filed this lawsuit in the District Court of Kansas on September 2009 asserting multiple claims against the Insiders: breach of fiduciary duty, negligent misrepresentation fraud, fraudulent concealment, fraudulent transfers of development opportunity, equitable reformation, civil conspiracy, and RICO violations. (Doc. 100, Second Amended Complaint). The Trustee also asserted a breach of fiduciary duty/negligence claim against Freestream Capital (Freestream) and breach of contract claims against the utility companies (the Edison defendants) which ultimately acquired the rights to two successful windpower generating facilities in Pennsylvania. Id.[6]

The Insiders and Freestream had filed a lawsuit earlier on April 17, 2009 against the Edison defendants in the United States District Court for Western District of Pennsylvania (Case No. 3:09-104) for failure to pay for the development rights. Although the Trustee's claims against Edison in the Kansas lawsuit concerned the same payments pursued by the Insiders in the Pennsylvania case, the Trustee took no action concerning the Pennsylvania case until May 4, 2011 when he sought an order *from this court* to prohibit the Pennsylvania

---

[5] For the sake of brevity, the court will refer to these individuals and their entities as the "Insiders." This group includes Robert H. Gardner, Robbin M. Gardner, Gardner Family Investment Company LLC, William W. Stevens, Akkio M. Stevens, Stevens Family Investment Company LLC, Lookout Windpower Holding Company LLC, Forward Windpower Holding Company LLC, and Forward Windpower Holding Company LLC. The term "Insiders" is for editorial convenience and should not be construed as a suggestion of wrongdoing.

[6] Freestream is an entity that provides financial advice and consulting services.

case from proceeding. (Doc. 119). That motion was denied. (Doc. 129).

Having failed to secure injunctive relief from this court, the Trustee filed a "Notice of Bankruptcy" in the Pennsylvania case on May 23 followed by a May 26 motion to (1) enforce the automatic bankruptcy stay or (2) transfer the Pennsylvania case to the District of Kansas. Judge Gibson concluded that the Trustee's motion was untimely and that the issue of liability under the contracts between the Insiders and the Edison defendants was *not* a core matter. Citing judicial economy, convenience to the parties, and the interests of justice, Judge Gibson declined the request to transfer the "liability" portion of the case and proceeded with a May 27, 2011 bench trial. At the conclusion of the one-day trial, Judge Gibson entered judgment against the Edison defendants in the amount of $8,941,448.46, allocating 75 percent to the Insiders and 25 percent to Freestream Capital. Importantly, Judge Gibson declined to decide whether the judgment funds were property of the bankruptcy estate and transferred that issue to the Bankruptcy Court for the District of Kansas.

The Edison defendants paid the amount of the judgment into the Kansas Bankruptcy Court registry and the Insiders and Freestream moved to "withdraw the reference." The motion was granted with the proviso that "all further proceedings with respect to the Pennsylvania Judgment and the proceeds of that Judgment shall be conducted by this Court in the captioned case." (District of Kansas, Case No. 11-2524, Doc. 5). Freestream and the Insiders moved in both cases (11-2524 and 09-2482) for distribution of the funds, arguing that the judgment funds were not part of the bankruptcy estate. Because the same judges (Judge Melgren and Judge Humphreys) are assigned to both cases, the Insiders also moved

to consolidate the cases.

## Motion to Amend

The Trustee moves for leave to file an amended complaint to accomplish four things:

1. Substantive consolidation of Case Nos. 11-2524 and 09-2482;

2. Establishing the Trustee's claims to the money on deposit in the registry;

3. Dismissal of the Edison defendants without prejudice; and

4. Amendment of the allegations and claims in Case No. 09-2482.

The Insiders and Freestream oppose the motion to amend, arguing that it is untimely and will cause undue delay and prejudice. Based on their pending dispositive motions, they also contend that the proposed amendments are futile.

## Standard

The standard for permitting a party to amend his or her complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[7] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful

---

[7]

A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

When the proposed amendment is offered after the deadline in the scheduling order for amending pleadings has passed, as is the case here, Fed. R. Civ. P. 16(b)(4) is implicated. Rule 16(b)(4) provides that a "schedule may be modified *only for good cause* and with the judge's consent." (Emphasis added). "Judges in this District have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend a complaint filed past the scheduling order deadline." Carefusion 213 v. Professional Disposables, 2010 WL 4004874 a *3 (D. Kan. Oct. 12, 2010)(citations omitted). In these cases, the court "first determines whether the moving party has established good cause within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion." Id. Only after finding a showing of "good cause" will the court proceed to the second step and evaluate whether the more liberal Rule 15(a) standard for amendment has been satisfied. Id. "Good cause" under Rule 16(b)(4) requires the moving party to "show that the amendment deadline could not have been met even if [he] had acted with due diligence." Id. A lack of prejudice to the non-moving party does not demonstrate "good cause." Id. With these standards in mind, the court evaluates the Trustee's motion.

## Discussion

**Good Cause**

The scheduling order established an October 1, 2010 deadline for any motion to join additional parties or to otherwise amend the pleadings. (Second Amended Scheduling Order, Doc. 93). Accordingly, the motion to amend is untimely unless the Trustee shows "good cause" for modifying the scheduling order deadline.

The Trustee argues that the depositions of the Insiders and of Lee Garner, one of Freestream's owners, establish good cause for amending the complaint. (Doc. 185, p. 5). However, the Trustee does not identify when Mr. Garner's deposition was taken and, most importantly, makes no attempt to link the proposed new allegations to Mr. Garner's deposition testimony. The Insiders' depositions are vaguely described as having been "taken in January, July, and August" (of 2011) and, again, the Trustee provides no specific connections between the proposed new allegations and the deposition testimony. The court is not persuaded that the Trustee's vague allegations concerning discovery and the proposed amendments are sufficient to show "good cause."

The Trustee also argues that Edison's payment of the judgment into the Bankruptcy Court registry is a "recent event" justifying the proposed amendment. Although the rationale for this argument is not entirely clear, the Trustee apparently contends that an adversary complaint must be filed pursuant to Bankruptcy Rule 7001 before any bankruptcy funds may be distributed to any party. This argument amounts to form-over-substance and is rejected. As noted above, the district court has withdrawn the reference from the bankruptcy court of

-7-

*all* matters concerning the Pennsylvania judgment. The issue of whether the deposited funds are part of GRHC's bankruptcy estate has been raised by motion in both Case Nos. 09-2482 and 11-2524 and no purpose would be served by requiring a party to file a separate "adversary complaint."

The Trustee also argues that an amended complaint is necessary to (1) "substantively consolidate" Case Nos. 09-2482 and 11-2524 and (2) dismiss the Edison defendants without prejudice. An amended complaint is not necessary to "substantively consolidate" the two cases.[8] An amended complaint is also not required for the dismissal of defendants--- the appropriate procedure is simply to move for dismissal of the defendants under Fed. R. Civ. P. 41(b).[9] In any event, the consolidation of two cases and dismissal of certain defendants is not "good cause" for filing an untimely motion to add new claims against the remaining defendants. Although the Trustee's failure to establish "good cause" under Rule 16(b) is fatal to his motion, the court will briefly address the motion under Rule 15's more liberal standards for amending the complaint.

---

[8] The Insiders have filed a separate motion to consolidate the two cases and this court recommends that the motion be granted. However, the court is not persuaded that an amended complaint changing the claims in Case No. 09-2482 is appropriate merely because of the consolidation.

[9] The parties advised the court in September 2011 that the Edison defendants would be dismissed from the case because their liability had been established by the Pennsylvania case and that the amount of the judgment had been paid into the Kansas Bankruptcy Court registry. The proposed order has been circulated and signed by all parties except the Trustee who now contends that dismissal should be without prejudice.

**Untimely**

As noted above, GRHC's bankruptcy was filed in April 2008, the Insider's Pennsylvania case was filed in April 2009, and the Trustee's Kansas case was filed in September 2009. No action has been taken in the bankruptcy case by the Trustee to assert his claims to funds owed to the Insiders or Freestream. Instead, in May 2011 the Trustee moved for an injunction from this court to prohibit the Pennsylvania court from proceeding. When that motion failed, the Trustee sought relief in the Pennsylvania case literally on the eve of the bench trial. No adequate explanation has been given for the Trustee's delays in seeking to enforce his claimed bankruptcy rights.

Equally important, the Insiders filed a motion for judgment on the pleadings on July 29, 2011 (Doc. 144), a motion for summary judgment on August 05, 2011 (Doc. 147), and a motion for distribution of funds from the Bankruptcy Court registry on August 25, 2011. (Doc. 158) The undersigned judge conducted status conferences on September 2, 2011 and September 22, 2011 and the Trustee made no mention of an intent to file an amended complaint asserting new claims against any of the defendants. To the contrary, the parties represented that discovery was "essentially complete."[10] Under the circumstances, the Trustee's October 26, 2011 motion for leave to amend is untimely and denied.

---

[10] A potential attorney-client communication issue developed during a deposition being conducted by the Insiders' attorney. The Trustee is not directly involved in the dispute and the resolution of the controversy has no apparent connection to the proposed amended complaint.

**Futile and Prejudice**

The parties debate whether the new allegations are futile, referencing arguments raised in briefing related to defendants' dispositive motions. Because those motions will be addressed by the district judge, discussion of the merits of the Trustee's claims would be a needless duplication of judicial resources. However, granting the motion to amend would require the Insiders and Freestream to incur significant additional costs and expenses to refile and rebrief the issues. The delay and expense associated with filing new dispositive motions would be prejudicial to the Insiders and Freestream.[11] Given the totality of the circumstances, the Trustee's belated motion to amend is prejudicial and therefore denied.

**IT IS THEREFORE ORDERED** that the Trustee's motion to amend **(Doc. 176 in Case No. 09-2482 and Doc. 18 in Case No. 11-2524)** is **DENIED.**

**IT IS FURTHER RECOMMENDED** that the Insiders' motion to consolidate **(Doc. 10 in Case No. 11-2524)** be **GRANTED.**

---

[11] The Insiders and Freestream filed an earlier set of dispositive motions that were deemed moot when the Trustee was granted leave to file a second amended complaint. Memorandum and Order, Doc. 109.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 13th day of December 2011.

                                                  S/ Karen M. Humphreys
                                                  _____
                                                  KAREN M. HUMPHREYS
                                                  United States Magistrate Judge