## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ERIC C. RAJALA, Trustee in Bankruptcy for
the Estate of Generation Resources Holding
Company, LLC

         *Plaintiff*,

vs.

ROBERT H. GARDNER, et al.

         *Defendants.*

Case No. 09-2482-EFM

## MEMORANDUM AND ORDER

Before the Court is the Member Defendants' Motion to Consolidate Case No. 11-2524 and Case No. 09-2482 (Doc. 10 in 11-2524).[1] Plaintiff Trustee did not file a response to the Member Defendants' Motion to Consolidate.  Defendant FreeStream Capital LLC filed a response objecting to consolidation because it believed that consolidation would moot its pending Motion to Distribute Funds in Case No. 11-2524.

The Member Defendants seek to consolidate the two actions because they involve common questions of law and fact; primarily that the Pennsylvania judgment funds at issue in Case No. 11-2524 are subsumed in Case No. 09-2482. A more detailed recitation of the background of these two

---

[1]This group of Defendants includes R. James Ansell, Virginia Ansell, Windforce Holdings, Inc., Robert. Gardner, Robbin Gardner, Gardner Family Investment Company LLC, William Stevens, Akiko Stevens, Stevens Family Investment Company LLC, Lookout Windpower Holding Company LLC (both MO and PA), and Forward Windpower Holding Company LLC (both MO and PA).

cases, and the issues surrounding them, is found in Judge Humphreys's recent Memorandum and Order denying the Trustee's Motion for Leave to File an Amended Complaint.[2]   In Judge Humphreys's Order, she specifically recommended consolidation of the two cases.

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions involving a common question of law or fact. It is within the district court's discretion whether to "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."[3] The party seeking consolidation bears the burden of establishing that judicial economy outweighs the risk of delay or potential prejudice to the opposing party.[4]

The Court finds it appropriate to consolidate these two cases. The two cases involve common questions of law and fact, and no party will be prejudiced by the consolidation. Although FreeStream would like its Motion to Distribute to be decided prior to consolidation, the Court cannot discern how or why consolidation frustrates the Court making a determination on FreeStream's motion. The Court can just as easily decide FreeStream's motion after consolidation. Accordingly, the Court grants the Member Defendants' Motion to Consolidate.

Several motions have been filed in the two related cases which become moot with the consolidation of the two cases. In Case No. 09-2482, Trustee filed a Motion to Strike Lookout Windpower Holding's Motion to Determine that Judgment Funds are Not Estate Property (Doc. 166). Lookout Windpower Holding, however, filed an identical motion in Case No. 11-2524

---

[2]*See* Doc. 191 in Case No. 09-2482 *and* Doc. 36 in Case No. 11-2524.

[3]Fed. R. Civ. P. 42(a)(1)-(3); *see also Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).

[4]*Shump*, 574 F.2d at 1344.

(Doc.9). The motion has been fully briefed. As such, the Court denies Lookout Windpower Holding's Motion to Distribute and Trustee's Motion to Strike (Docs. 158 and 166 in Case No. 09-2482) as moot.[5] The Court also denies Trustee's Motion to Clarify (Doc. 2 in Case No. 11-2524) as moot.

**IT IS ACCORDINGLY ORDERED** that the Member Defendants' Motion to Consolidate Case No. 09-2482 and Case No. 11-2524 (Doc. 10 in Case No. 11-2524) is **GRANTED**. The two cases are consolidated for all purposes with Case No. 09-2482-EFM-KMH designated as the lead case.

**IT IS FURTHER ORDERED** that Lookout Windpower Holding's Motion to Determine that Judgment Funds are Not Estate Property (Doc. 158 in Case No. 09-2482) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Trustee's Motion to Strike (Doc. 166 in Case No. 09-2482) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Trustee's Motion to Clarify (Doc. 2 in Case No. 11-2524) is **DENIED AS MOOT**.

---

[5]Lookout Windpower Holding's Motion to Distribute (Doc. 9) remains pending; there simply need not be two duplicative motions. FreeStream's Motion to Distribute (Doc. 4) also remains pending. The Clerk's Office, however, may revise the docket entry numbers. All summary judgment motions and the motion for judgment on the pleadings (Docs. 144, 147, and 183) remain pending, as well.
 The Court will set oral arguments on the motions to distribute and summary judgment motions in the very near future.

**IT IS SO ORDERED**.

Dated this 19th day of December, 2011.


*Eric F Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE